Of Counsel:
SHIM & CHANG

ROY K. S. CHANG      #1733-0
HARVEY M. DEMETRAKOPOULOS  #5033-0
333 Queen Street, Suite 900
Honolulu, Hawaii      96813
Telephone No. (808)524-5803

Attorneys for Plaintiff
SUZANNE M. SHAW

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| SUZANNE M. SHAW, | CIVIL NO. CV _____ |
| | (Other Personal Injury Tort) |
| Plaintiff, | |
| | **COMPLAINT** |
| vs. | |
| HILTON WORLDWIDE, INC., a Foreign Profit Corporation, | |
| Defendant. | |

**COMPLAINT**

COMES NOW Plaintiff SUZANNE M. SHAW, by and through her attorneys, Shim & Chang, and for causes of action against the Defendant above-named alleges and avers as follows:

**THE PARTIES**

1. Plaintiff SUZANNE M. SHAW (hereinafter, "Plaintiff") was at all times pertinent herein a resident of the City of Mesa, Maricopa County, in the State of Arizona. At the time and place of her injury, Plaintiff was a visitor to the County of Hawaii, State of Hawaii, and a guest at the Hilton Waikoloa Village.

2. Defendant HILTON WORLDWIDE, INC., (hereinafter "Defendant Hilton Waikoloa Village"), is a Foreign Profit Corporation that owns, maintains and/or operates the Hilton Waikoloa Village, located at 69-425 Waikoloa Drive, in Waikoloa, Hawaii 96738.

**STATEMENT OF JURISDICTION**

3. This lawsuit is brought under diversity jurisdiction. The Plaintiff is a citizen of the State of Arizona. Defendant Hilton Waikoloa Village is a Delaware Profit Corporation, and its worldwide headquarters business office is located in McLean, Virginia. Thus the parties are citizens of different states. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. Sec. 1332.

**STATEMENT OF CLAIM**

4. Prior to and on September 6, 2015, Defendant Hilton Waikoloa Village owned and/or was in the business of operating

the Hilton Waikoloa Village, "Hawaii Island's Premier Oceanfront Resort," along the Kohala Coast in the County of Hawaii.

5. Defendant Hilton Waikoloa Village caused to be constructed the resort's premises, which included the placement of a white PVC pipe that ran underneath the resort lagoon's white sand beach.

6. Defendant Hilton Waikoloa Village's guests are invited and encouraged to use and enjoy the resort's man-made salt-water lagoon and white sand beach, and may use lounge chairs placed along the lagoon edge.

7. In order to get to the lagoon and beach facilities, including the lounge chairs, guests are provided with a flagstone walkway that takes them to a sandy walking path that leads to the lounge chairs along the lagoon's edge.

8. Unbeknownst to Plaintiff and her husband, Defendant Hilton Waikoloa Village placed white PVC pipe under the sandy walking path.

9. Over time, the sand covering the white PVC pipe eroded, moved or washed away, leaving a mostly hidden but partially exposed PVC pipe in the sandy walking path.

10. On the morning of September 6, 2015, Plaintiff and her husband are walking down the resort's flagstone walkway. They are heading to the chaise lounge chairs which the resort had set-up along the salt-water lagoon.

11. Plaintiff gets to the end of the flagstone walkway, and prepares to step down onto the sandy path walkway.

12. Plaintiff steps down with her right foot.

13. Plaintiff's left foot follows, but instead of landing on sand, it lands unexpectedly on partially uncovered white PVC pipe.

14. The uneven, protruding and hard walking surface created by the PVC pipe causes Plaintiff's left ankle to roll, twist, and break.

15. Plaintiff falls onto the sand in pain.

16. Plaintiff suffers a serious and permanent injury to her left ankle, as well as other bodily injuries.

17. The injuries to Plaintiff occurred in the County of Hawaii, State of Hawaii, which is within the jurisdictional venue of this Court.

18. At the time of Plaintiff's fall, Defendant Hilton Waikoloa Village's sandy walking path to the lounge chairs was in a defective condition and presented an unreasonable risk of harm for Defendant Hilton Waikoloa Village's guests.

19. Defendant Hilton Waikoloa Village did not properly construct, inspect, maintain, and/or repair its sandy walking path leading to the lounge chairs located along the lagoon's edge, and was thereby negligent, and said negligence was the cause of Plaintiff's injuries and damages.

20. Defendant Hilton Waikoloa Village is vicariously liable for the negligent acts of its employees, agents, contractors, subcontractors, on the basis of <u>respondeat superior</u>.

21. Defendant Hilton Waikoloa Village and its employee(s) created the unsafe condition of sandy walking path and chose not to remedy, correct, barricade, or warn its guests of the unsafe condition.

22. Defendant Hilton Waikoloa Village and its employee(s) knew or should have known of the on-going erosion and/or movement and/or washing away of sand occurring on the sandy walking path to the lounge chairs along its at man-made lagoon, especially during tide changes, which resulted in the partial exposure of the PVC pipe and the creation of the unsafe walking condition.

23. Defendant Hilton Waikoloa Village chose not to do anything to protect its guests from this unsafe condition.

24. Defendant Hilton Waikoloa Village chose not to do anything to prevent this unsafe condition from needlessly endangering its guests.

25. Defendant Hilton Waikoloa Village owed legal duties and/or standards of care to protect Plaintiff and its other guests and to prevent injury to them.  These include but are not limited to the following:

a. Defendant Hilton Waikoloa Village must design, construct, and/or provide a safe walkway to its lounge chairs for its guests to walk on;

b. Defendant Hilton Waikoloa Village must conduct frequent and timely inspections of its premises and walkways to discover potentially unsafe, dangerous, and/or unreasonable risks of harm.

c. Defendant Hilton Waikoloa Village must take all appropriate, necessary, and adequate measures to protect its guests from encountering a man-made risk of harm, such as the partially exposed white PVC pipe in the sandy walking path;

d. Defendant Hilton Waikoloa Village must not create or allow to exist an unreasonable risk of harm on its premises and walkways;

e. Defendant Hilton Waikoloa Village must maintain its premises, walkways and walking paths in a safe condition for its guests to use.

f. Defendant Hilton Waikoloa Village must repair, remove, remedy, barricade, and/or guard against any unsafe condition on its premises, walkways and walking paths;

g. Defendant Hilton Waikoloa Village warrants a safe premises and walkways for its guests to use that is fit for a particular known purpose;

h. Defendant Hilton Waikoloa Village must not create or allow a public or private nuisance to exist on its premises, walkways and walking paths;

i. Defendant Hilton Waikoloa Village must comply with all applicable laws, codes, ordinances, or industry safety rules and standards applicable to its premises, walkways and walking paths;

j. Defendant Hilton Waikoloa Village must foresee the occurrence of unsafe conditions on its premises, walkways and walking paths;

k. Defendant Hilton Waikoloa Village must recognize that its guests have an expectation that its premises, walkways and walking paths will be safe to use at all times, unless otherwise warned, and may not be alert to or looking for certain unsafe conditions;

l. Defendant Hilton Waikoloa Village must anticipate that its guests may be distracted from seeing an unexpected unsafe condition on its premises, walkways and walking paths;

m. Defendant Hilton Waikoloa Village must not needlessly endanger the health and safety of its guests;

n. Defendant Hilton Waikoloa Village must provide a safe premises, walkways and walking paths for its guests to walk on under expected and foreseeable uses and environmental conditions;

      o.    Defendant Hilton Waikoloa Village must take all reasonable safety measures to prevent an injury or harm to its guests, while walking on its premises, walkways and walking paths; and

      p.    Defendant Hilton Waikoloa Village must not create or allow to exist an unsafe condition on its premises, walkways and walking paths where its guests are directed to and/or known and/or expected to walk.

26.    Defendant Hilton Waikoloa Village breached all or some of the respective duties and/or warranties set forth above, and was thereby negligent, grossly negligent, and/or strictly liable.

27.    The negligent actions, inactions, and/or careless choices of Defendant Hilton Waikoloa Village were a factual and legal cause of Plaintiff's fall, injuries, losses and/or damages.

28.    Plaintiff has sustained and will further sustain special and economic damages in an amount to be determined at trial.

29.    Plaintiff has sustained and will further sustain general and non-economic damages in an amount to be determined at trial.

30. The total amount of all damages incurred by or on behalf of Plaintiff is in excess of the minimum jurisdictional requirements of the Court under 28 U.S.C. Sec. 1332.

31. Defendant Hilton Waikoloa Village needlessly endangered its guests; acted in a grossly negligent manner; and/or acted in a willful, wanton, knowing, or reckless disregard of the rights, feelings, and safety of others; and for these reasons Plaintiff claims punitive damages against Defendant Hilton Waikoloa Village in an amount to be determined by trial.

## DEMAND FOR RELIEF

Plaintiff demands judgment against Defendant Hilton Waikoloa Village as follows:

a. General and non-economic damages as are proven at the time of trial.

b. Special and economic damages as are proven at the time of trial.

c. All other applicable statutory and/or common law damages.

d. Punitive and exemplary damages as are proven at the time of trial as against Defendant.

e. Prejudgment interest from the date of the occurrence.

f. Reasonable attorneys' fees and litigation costs.

    g.    Such other relief as may be deemed just and equitable under the premises.

DATED: Honolulu, Hawaii,   April 18, 2016  .

/s/ Harvey M. Demetrakopoulos
_____
ROY K. S. CHANG
HARVEY M. DEMETRAKOPOULOS